IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | CASE NO. 17-34848-MI |
| | § | |
| THE ENGY GROUP, LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

### GREEN BANK, N.A.'S MOTION FOR RELIEF FROM STAY

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRPUTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON OCTOBER 18, 2017, AT 9:00 A.M., IN COURTROOM 404, 515 RUSK STREET, HOUSTON, TX 77002.**

Green Bank, N.A. ("Green Bank"), an interested party in the above-referenced Chapter 11 case and a direct creditor of Stanislas Bellon, the debtor in related Case No. 17-34923 pending before this court, moves for relief from stay to accelerate certain notes and set off amounts owed with funds held in a controlled account. In support of its Motion for Relief from Stay, Green Bank states as follows:

### I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), & (O).

3. Venue of this Chapter 11 case is proper in this district pursuant to 28 U.S.C. §§ 1408 & 1409.

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 362 & 553 and applicable Rules of Bankruptcy Procedure.

## II.   BACKGROUND

5. The Engy Group, LLC (the "Debtor") is a holding company. *See* Emergency Motion to Appoint Chapter 11 Trustee, Doc. No. 6 at ¶ 8.

6. The Debtor owns 94% of the equity units in Texas Engy Drums, LLC ("Texas Engy"), which in turn owns interests in Engy Southwest Container Products, Inc. ("Engy Southwest"), a steel drum production business. *See id.* at ¶¶ 9-10.

7. On February 27, 2017, Green Bank entered into a Credit Agreement (the "Credit Agreement") with Texas Engy, Engy Southwest, Kurt 'Matt' Orban ("Orban"), and Francois Stanislas Bellon[1] ("Bellon") (collectively, the "Borrowers") for an $8.0 million note (the "Term Loan Note") and up to $5.0 million revolving note (the "Revolving Loan Note") (collectively, the "Notes") subject to an asset-based borrowing base (the "Green Bank Loan"). *See* Credit Agreement, a copy of which is attached as **Exhibit A**; Term Loan Note, a copy of which is attached as **Exhibit B**; Revolving Loan Note, a copy of which is attached as **Exhibit C**.

8. Green Bank has a perfected security interest in and to all assets of Engy Southwest. *See* Security Agreement, a copy of which is attached as **Exhibit D**; UCC Financing Statement, a copy of which is attached as **Exhibit E**.

9. Pursuant to the terms of the Credit Agreement, the Borrowers maintain a controlled account with Green Bank that contains a minimum of $1,250,000.00 in funds (the

---

[1] On August 14, 2017, Bellon filed an individual Chapter 11 bankruptcy in the Southern District of Texas, Houston Division, which remains pending with the Court. *See* Case No. 17-34923.

"Controlled Account") that are subject to Green Bank's lien.  *See* Credit Agreement, Ex. A at § 5.13.  The $1,250,000.00 in the Controlled Account was funded from the Revolving Loan Note.

10. The Borrowers were also required to provide detailed financial information within 30 days after the end of each fiscal quarter and within 30 days of each month end.  *See id.* at §§ 5.01(b), (c), (d), & (e).  Additionally, the Borrowers were required to provide a Borrowing Base Certificate and furnish Green Bank with copies of all tax returns filed by any Borrower.  *Id.* at §§ 5.01(g) & (h).

11. The Credit Agreement deems violations of the above provisions, amongst others, to be events of default.  *See id.* at Art. VII.

12. Following an event of default, Green Bank is authorized to accelerate the Notes and set off and apply any and all deposits held towards the balance owed.  *See id.* at Art. VII & § 8.08.

13. On August 9, 2017, Green Bank sent the Borrowers a notice of default under the terms of the Credit Agreement due to their failure to comply with the above provisions.  *See* Notice of Default, a copy of which is attached as **Exhibit F**.

### III.    RELIEF REQUESTED

14. Green Bank respectfully requests an order from the Court authorizing Green Bank to Accelerate the Notes and set off the funds held in the Controlled Account with the balance owed under the Notes and Credit Agreement.

15. The Debtor is not a borrower under the Credit Agreement and is not a signer on the Controlled Account.  Thus, Green Bank asserts that the automatic stay in this case is inapplicable to its ability to accelerate the Notes or its right to setoff.  However, Green Bank is

filing this Motion out of an abundance of caution to ensure it is not in violation of the automatic stay.

16.     Relief from the automatic stay may be granted by "terminating, annulling, modifying, or conditioning" the stay under Section 362(d) of the Bankruptcy Code. The automatic stay in this bankruptcy proceeding should be terminated pursuant to Section 362(d)(1) for cause because Green Bank lacks adequate protection of its interest in its right of setoff.

17.     Pursuant to Section 362(d)(1), the Bankruptcy Court is authorized to grant relief from the automatic stay "for cause." This section provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1). Because "cause" is not defined, courts must determine whether or not cause exists on a case-by-case basis. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). In determining whether or not there is cause to lift the stay, the Court should consider the prejudice to the debtor, its estate, and to the movant (creditor).

18.     The existence of mutual obligations subject to set-off constitutes sufficient "cause" under Section 362(d) to meet a creditor's initial evidentiary burden in seeking relief from the automatic stay. *See In re Ealy*, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008); *In re Nuclear Imaging Systems, Inc.*, 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000); *accord In re Orlinski*, 140 B.R 600, 603 (Bankr. S.D. Ga. 1991); *In re Coleman*, 52 B.R. 1, 3 (Bankr. S.D. Ohio 1985); *In re Flanagan Bros., Inc.*, 47 B.R. 299, 303 (Bankr. D.N.J. 1985).

19.     Moreover, several bankruptcy courts have held that the establishment of a valid setoff right constitutes a prima facie case of cause to annul the automatic stay. *See In re Firestone*,

179 B.R. 148, 149 (Bankr. D. Neb. 1995) (granting movant relief from the automatic stay for cause when movant established a right of setoff pursuant to Section 553 of the Bankruptcy Code); *In re Whitaker*, 173 B.R. 359, 361-62 (Bankr. S.D. Ohio 1994) (holding that [b]y establishing its right to setoff under 11 U.S.C. § 553(a) a creditor makes a prima facie showing of cause for relief from stay under 11 U.S.C. § 362(d)(1)); *United States v. Olinski (In re Olinski)*, 140 B.R. 600, (Bankr. S.D. Ga. 1991) (holding a creditor makes a prima facie showing of cause by establishing a right of setoff).

20. Section 553(a) of the Bankruptcy Code provides:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—

　　(A) after the commencement of the case; or
　　(B) (i) after 90 days before the date of the filing of the petition; and
　　　　(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

　　(A) after 90 days before the date of the filing of the petition;
　　(B) while the debtor was insolvent; and
　　(C) for the purpose of obtaining a right of setoff against the debtor.

11 U.S.C. § 553(a).

21. "The right of setoff allows parties that owe mutual debts to each other to assert the amounts owed, subtract one from the other, and pay only the balance." *Darr v. Muratore*, 8 F.3d 854, 860 (1st Cir. 1993) (citing *In re Bevill, Bresler & Schulmam Asset Mgmt. Corp.*, 896 F.2d 54, 57 (3d Cir. 1990)). "Under section 553, debts cannot be setoff unless they are mutual. Mutuality requires that the debts 'be in the same right and between the same parties, standing in the same capacity.'" *Id.* (citing 4 COLLIER ON BANKRUPTCY § 553.04 (15th ed. 1992)).[2]

22. Here, the Credit Agreement contains a contractual right of setoff that permits Green Bank to set off and apply the funds held in the Controlled Account to the balance owed by the Borrowers under the Credit Agreement and Notes. The Debtor will not be prejudiced by the relief requested herein because it is not a borrower or beneficiary under the Credit Agreement. Moreover, the funds held in the Control Account do not constitute property of the Debtor's bankruptcy estate because the Debtor is not a signer on the account. Accordingly, cause exists to grant Green Bank relief from stay to accelerate the Notes and exercise its right of setoff.

WHEREFORE, Green Bank respectfully requests that this Court enter an Order: (i) granting Green Bank relief from the automatic stay to accelerate the Notes; (ii) granting Green Bank relief from the automatic stay to effectuate the setoff discussed herein; (iii) preserving any and all other claims and rights Green Bank may have against the Debtor or Borrowers; and (iv) granting such other relief as is just and proper.

---

[2] Setoff rights are also recognized under Texas state law. *See* Tex. Fin. Code § 34.307.

Dated: September 22, 2017

Respectfully Submitted,

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)
stephen.lemmon@huschblackwell.com

By: */s/ Stephen W. Lemmon*
    Stephen W. Lemmon
    Texas State Bar No. 12194500

**ATTORNEYS FOR GREEN BANK, N.A.**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for the Debtor on September 14, 2017 regarding the relief requested in this Motion. The Debtor has not taken a position on the relief requested herein as of the date and time of the filing of this Motion.

*/s/ Stephen W. Lemmon*
Stephen W. Lemmon

AUS-6419656-1 6059295/31

## CERTIFICATE OF SERVICE

This will certify that on September 22 2017, true and correct copy of the foregoing pleading has been forwarded via this Courts CM/ECF notification system to the parties registered for such service, as listed below:

**17-34848 Notice will be electronically mailed to:**

Jason S Brookner on behalf of Plaintiff and Creditor Southwest Container Products, LLC
jbrookner@grayreed.com, lwebb@grayreed.com; cpatterson@grayreed.com

Michael David Fritz on behalf of Debtor The Engy Group, LLC
mfritz@diamondmccarthy.com

Kyung Shik Lee on behalf of Debtor The Engy Group, LLC
klee@diamondmccarthy.com, lciaccio@diamondmccarthy.com; cburrow@diamondmccarthy.com

Christine A March on behalf of U.S. Trustee US Trustee
christine.a.march@usdoj.gov

Charles M. Rubio on behalf of Debtor The Engy Group, LLC
crubio@diamondmccarthy.com, lciaccio@diamondmccarthy.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

/s/ *Stephen W. Lemmon*
Stephen W. Lemmon