IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **THE ENGY GROUP, LLC, AND** | § | **Case No. 17-34848** |
| **FRANCOIS STANSISLAS BELLON,** | § | **Jointly Administered** |
| | § | |
| Debtors. | § | (Chapter 11) |

### MOTION FOR ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

The Engy Group ("Engy Group") and Francois Stanislas Bellon ("Bellon", and together with Engy Group, the "Debtors") file this motion (the "Motion") for authorization to obtain unsecured credit pursuant to section 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

### JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are § 364 of the Bankruptcy Code and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELEVANT BACKGROUND

4.      On August 8, 2017, Engy Group filed a voluntary petition for relief under chapter 11 which began Engy Group's chapter 11 case (the "Engy Chapter 11 Case").  On August 14, 2017, Bellon filed a voluntary petition for relief under chapter 11 which began Bellon's chapter 11 case (the "Bellon Chapter 11 Case", together with the Engy Chapter 11 Case, the "Chapter 11 Cases").

5.      Engy Group is a holding company that indirectly owns Engy Southwest Container Products, Inc., a steel drum production business; Engy Belvoir Healthcare LLC, owner of a loan to and option to buy a hospital; and Mowery Plant, LLC, the entity that owns the land and the physical plant at which the steel drums are produced ("Mowery").  Bellon is the majority owner of Engy Group.

6.      The Debtors commenced the Chapter 11 Cases to resolve a dispute with a major creditor Kurt Orban Partners ("KOP").

7.      On September 28, 2017, the Debtor entered into a binding settlement term sheet (the "Term Sheet") with KOP, Green Bank, N.A., Dr. Lo, and other related parties (collectively, the "Settling Parties") that settles all claims among the Settling Parties.[1]  A copy of the term sheet is attached hereto as Exhibit A.

8.      Pursuant to the Term Sheet, Dr. Lo agreed to loan the principal sum of up to $350,000.00 to Mowery, which shall, in turn, will make a DIP loan to the Debtors, to be used

---

[1]      This is intended as a summary only and reference should be made to the Term Sheet for complete terms and conditions.

solely to pay professional fees allowed by order of the Bankruptcy Court in the Chapter 11 Cases.

## RELIEF REQUESTED

9.     The Debtors seek entry of an order substantially in the form of the attached hereto to authorize the Debtors to obtain unsecured debt from Mowery (in such capacity, the "Lender") pursuant to the terms of the promissory note attached hereto as Exhibit B.

## BASIS FOR RELIEF

10.    The Lender has offered to make an unsecured loan to the Debtor up to the total principal sum of $350,000.00 to be used for the purpose of paying professional fees allowed by order of the Bankruptcy Court in the Chapter 11 Cases.  The loan is made pursuant to § 364(b) of the Bankruptcy Code, as an administrative expense under § 503(b)(1) of the Bankruptcy Code.

11.    The Debtors need this loan to continue to receive services from their professionals.  These services are vital to the continued administration of the Debtors' Chapter 11 Cases.

## NOTICE

12.     Pursuant to Bankruptcy Rule 4001(c)(2), the Court may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion.

## **CONCLUSION**

WHEREFORE, premises considered, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as, approving the relief requested in the Motion, and grant such other and further relief as the Court may deem just and proper.

Dated: October 9, 2017

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/  Charles M. Rubio*
Kyung S. Lee
TBA No. 12128400
klee@diamondmccarthy.com
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Two Houston Center
909 Fannin, 15th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel for The Engy Group, LLC*

HOOVER SLOVACEK LLP

*/s/ Edward L. Rothberg*
Edward L. Rothberg
TBA No. 17313990
Rothberg@hooverslovacek.com
Galleria Tower II
5051 Westheimer, Ste. 1200
Houston, TX 77056
Telephone:  (713) 977-8686
Facsimile:  (713) 977-5395

*Counsel for Francois Stanislas Bellon*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on October 9, 2017, a copy of this Motion was served via the Court's CM/ECF system on all counsel of record who are deemed to have consented to electronic service and by United States Mail, first class, postage prepaid to all parties on the Service List attached hereto.

*/s/ Charles M. Rubio*
Charles M. Rubio

## Service List

### Creditors

Kurt Orban Partners, LLC
Att: Matt Orban
111 Anza Boulevard, Ste. 250
Burlingame, CA 94010-1932
Via Email: morban@kurtorbanpartners.com

Dr. Kenneth Lo
11927 Oak Shadow Drive
Baton Rouge, LA 70810-1807
Via Email: klloproperties@gmail.com

Richard C. Killough
3000 Weslayan – Suite 305
Houston, Texas 77027-5753
Via Email: rkillough@mktxlaw.com

Murrah & Killough, PLLC
3000 Weslayan – Suite 305
Houston, Texas 77027
Via Email: rkillough@mktxlaw.com

American Express
P.O. Box 981535
El Paso, TX 79998-1535
Via U.S. Mail

Matthew Orban
Kurt Orban Partners LLC
111 Anza Boulevard
Burlingame, CA 94010
Via Email: morban@kurtorbanpartners.com

William V. Walker, Esq.
4899 Montrose Blvd.
Suite 805
Houston, TX 77006-6166
Via U.S. Mail

Child Support Bureau of Texas
P.O. Box 659791
San Antonio, TX 78265-9791

Liang Gao
3307 Candlestick Lane
Katy, TX 77494-3880

Texas Workforce Commission
Bankruptcy Section
P.O. Box 149080
Austin, TX 78714-9080

Melissa Anne Haselden
Hoover Slovacek LLP
Galleria II Tower
5051 Westheimer, Suite 12
Houston, TX 77056-5839

Green Bank
4000 Greenbriar
Houston, TX 77098-5204

Matt Orban
c/o Gray, Reed & McGraw, LLP
Attn: Scott Funk
1300 Post Oak Blvd., Suite 2000
Houston, TX 77056-8000

Third Coast Bank
1800 West Loop South, Suite 100
Houston, TX 77027-3296

Edward L. Rothberg
Hoover Slovacek, LLP
Galleria II Tower
5051 Westheimer, Suite 12
Houston, TX 77056-5839

Internal Revenue Service Centralized
Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Memorial Herman Hospital
929 Gessner Drive, Suite 2600
Houston, TX 77024-2593

Texas Comptroller of Public Accounts
Revenue Accounting DIV- Bankruptcy
Section
P.O. Box 13528
Austin, TX 78711-3528

Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317

American Express Bank, FSB
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

**<u>Interested Parties</u>**

Francois-Stanislas Ballon
4855 Montrose Blvd.
Houston, TX 77005-4730
Via Email: stashellon@gmail.com

Scott Funk
Gray Reed & McGraw
1300 Post Oak Blvd. Suite 2000
Houston, TX 77056
Via Email: sfunk@grayreed.com

Jason Brookner
Gray Reed & McGraw
1300 Post Oak Blvd. Suite 2000
Houston, TX 77056
Via Email: jbrookner@grayreed.com

M. Stephen Roberts
Steve Roberts Law
6513 Perkins Road
Baron Rouge, LA 70808
Via Email: Steve@steverobertslaw.com

Christine March
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
Via Email: Christine.a.march@usdoj.gov

Steve Lemmon
Husche Blackwell LLP
111 Congress Avenue
Suite 1400
Austin, TX  78701-4093
Via Email:
Stephen.Lemmon@huschblackwell.com

Jeff Anapolsky
BVA Group
1000 Louisiana Street, Suite 6925
Houston, TX 77002
Via Email: janapolsky@bvagroup.com

Justin Peden
BVA Group
Legacy Tower, 7250 Dallas Parkway
Suite 200
Plano, TX 75024
Via Email: jpeden@bvagroup.com

Jonathan Strothers
Strother Law Firm
3000 Weslayan St., Suite 348
Houston, Texas 77027-5753
Via Email: jstrother@strotherlawfirm.com

**Exhibit A**

**Term Sheet**

EXECUTION VERSION

**BINDING TERM SHEET FOR SETTLEMENT OF CLAIMS BY AND AGAINST
GREEN BANK; KURT ORBAN PARTNERS, SOUTHWEST CONTAINTER
PRODUCTS LLC AND MATT ORBAN; FRANCOIS STANISLAS BELLON; DR.
KENNETH LO; AND THE ENGY GROUP LLC AND
ITS SUBSIDIARIES AND AFFILIATES**

**September 28, 2017**

This Binding Term Sheet ("Term Sheet") relates to a proposed settlement of all claims asserted by or against the following persons and entities, in connection with the Engy Group Case and the Bellon Case (each as defined below):

Green Bank, N.A. ("Green Bank");

Kurt Orban Partners ("Partners"), Matt Orban ("Orban") and Southwest Container Products LLC ("Southwest," and collectively with Partners, "KOP");

Francois Stanislas Bellon ("Bellon");

Dr. Kenneth Lo ("Dr. Lo"); and

The Engy Group LLC ("Engy Group") and its affiliates and subsidiaries (collectively, "Engy").[1]

The above persons and entities shall collectively be referred to as the "Parties."

Bellon's chapter 11 case is pending under Case No. 17-34923 (the "Bellon Case") and The Engy Group's chapter 11 case is pending under Case No. 17-34848 (the "Engy Group Case"), each in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (together, the "Chapter 11 Cases").

| | |
|---|---|
| **Green Bank, Dr. Lo and Bellon:** | By close of business on September 29, 2017, Dr. Lo shall purchase 9.637445% of the Green Bank Debt for $800,000, after accounting for application of the Cash Collateral (defined below) and the principal payment due on September 27, 2017;[2] |

---

[1] The affiliates and subsidiaries subject to and covered by this Term Sheet are:  Engy Southwest Container Products, Inc. ("SWCP"); Texas Engy Drums LLC ("Drums"); Engy Belvoir Ventures LLC ("Ventures"); Engy Belvoir Healthcare LLC ("Healthcare"); and Mowery Plant LLC ("Mowery").

[2] The term "Green Bank Debt" shall mean the aggregate amount of $8,421,986.51, owing to Green Bank as of the date of this Term Sheet, pursuant to that certain Credit Agreement, and related notes and documents, all dated as of February 27, 2017, between Green Bank as lender, and SWCP, Drums, Bellon and Orban as borrowers.  The percentage set forth in the text above assumes the September 2017 payment is made when due as set forth herein.

1

As earlier agreed, the automatic stay in the Chapter 11 Cases has been modified by agreed order such that Green Bank has applied all amounts in the control account established under the Green Bank loan documents (approximately $1.25 million) (the "Cash Collateral") as a permanent reduction to the Green Bank Debt;[3]

Green Bank shall be paid $950,000 by an outside investor to be identified by Dr. Lo no later than October 30, 2017, to be applied as a permanent reduction to the Green Bank Debt. In the event an outside investor does not make such payment by October 30, 2017, Dr. Lo shall personally make such payment on or before October 31, 2017. In the event Dr. Lo personally makes the $950,000 payment, such payment will be considered an additional purchase of an interest in the Green Bank Debt, and such interest will be calculated as a percentage by dividing $950,000 by the then-outstanding balance on the Green Bank Debt. The additional interest will be treated subject to the same terms and conditions as the original interest purchased by Dr. Lo.

By October 1, 2017, Dr. Lo agrees to provide to Green Bank a letter from a financial institution acceptable to Green Bank, stating that Dr. Lo has available to him at least $1 million in an undrawn line of credit (the "Lo Letter") in order to demonstrate ability to pay the $950,000 set forth above.

SWCP shall with seven (7) calendar days move all operating accounts to Green Bank and maintain the same at Green Bank for so long as the Green Bank Debt remains outstanding.

Monthly payments to Green Bank shall be made as and when due, commencing with the next scheduled monthly payment coming due after execution of this Term Sheet, at the non-default contract rate. This provision does not obviate the requirement to make the September 2017 monthly payment, which must be made by September 29, 2017.

No later than December 15, 2017, Bellon will provide Green

---

[3] Dr. Lo agrees that application of the Cash Collateral plus the scheduled September payments on the Green Bank Debt will be applied to the Green Bank Debt and precede any distributions to Dr. Lo with respect to his participation in the Green Bank Debt.

2

Bank with a confirmed letter of credit in an amount equal to the Green Bank Debt then outstanding, or a valid stock pledge with a market value equal to at least 120% of the amount of the Green Bank Debt outstanding as of such date, to collateralize/secure the remaining Green Bank Debt (the "GB Collateralization"). No payments may be made by SWCP to KOP unless and until the requirements of the preceding sentence have been met.

Orban shall be released from all obligations to Green Bank, whether under the Green Bank loan documents or otherwise after the Green Bank Debt has been satisfied in full.

All remaining amounts outstanding to Green Bank shall be paid by February 28, 2018. Effective immediately upon execution of this Term Sheet, and subject to (i) the payments called for above being made to Green Bank as and when due, (ii) the posting of the GB Collateralization, and (iii) the Lo Letter being received, Green Bank shall forbear on all debt collection activity. If the above requirements are not met, or Green Bank is not paid in full by February 28, 2018, Green Bank may pursue any and all debt collection activities against all collateral of any sort and any remaining obligors on the Green Bank Debt.

Dr. Lo shall loan up to $350,000 to Mowery, which shall, in turn, make a DIP loan to Engy Group and Bellon, to be used solely to pay professional fees allowed by order of the Bankruptcy Court in the Chapter 11 Cases. The amount advanced by Dr. Lo to Mowery shall be secured by (i) either (A) a second lien on the Mowery property and building if possible and permitted by Third Coast Bank, or (B) a second lien behind Green Bank on Green Bank's SWCP collateral, to which Green Bank consents, as chosen by Dr. Lo in his discretion and (ii) a first lien on the proceeds from the sale of any interest in Sacred Oak Medical Center LLC ("Sacred Oak") owned by Healthcare. The net proceeds of sale of the first 10% interest in Sacred Oak shall be applied as follows: first, $3 million to KOP (in satisfaction of the payment due to KOP on December 15, 2017, set forth in this Term Sheet); second, to Dr. Lo to repay the outstanding amount of the DIP loan; and third, to Dr. Lo for the balance of the proceeds not to exceed 50% of the gross proceeds. On any subsequent sale of an interest in Sacred Oak, to the extent the $4.5 million payment due from Engy to KOP has not been made, proceeds

EXECUTION VERSION

| | |
|---|---|
| | shall be distributed: first, to KOP, up to the lesser of (x) $4.5 million or (y) 50% of the gross proceeds of sale; and second to Dr. Lo for the balance of the proceeds not to exceed 50%. Total payments to KOP with respect to the Sacred Oak interest shall in no event exceed $7.5 million.<br><br>Dr. Lo shall further receive or retain the following:<br><br><ul><li>An additional 40% interest in Mowery, resulting in a total ownership interest of 60% of Mowery, for which he shall pay fair market value in cash to Ventures;</li><li>Twenty five percent (25%) of the ownership interests in SWCP;</li><li>Retention of his 50% interest in Healthcare;</li><li>Retention of his 5% interest in Engy Group; and</li><li>A consulting agreement with SWCP entitling him to operational oversight of SWCP and SWCP will agree to customary negative covenants including, without limitation, restrictions on taking on additional indebtedness, giving additional liens or security interests on SWCP assets, and making loans to and entering into contracts with insiders.</li></ul>The Parties agree and consent to the above-stated transfers and percentages.<br><br>Dr. Lo further agrees to forbear from taking any action against Mowery or SWCP regarding lease payment reductions pursuant to the facility lease with SWCP. |
| **KOP:** | In full and final satisfaction of all claims, interests, rights, defenses and causes of action among KOP, Bellon and Engy, KOP shall receive the following:<br><br>1. Total cash consideration of  $8.550 million to be paid as follows:<br><br>   A. Engy shall pay to KOP the aggregate amount of $7.5 million, as follows:<br><br><ul><li>$3.0 million no later than December 15, 2017, subject to Bellon collateralizing the Green Bank Debt as set forth in the box above; and</li><li>$4.5 million no later than February 28, 2018</li></ul> |

B. Bellon shall pay to KOP the aggregate amount of $1.050 million, as follows:

- $600,000 no later than January 31, 2018.
- $450,000 no later than June 30, 2018.

2. Green Bank and Engy shall forfeit any and all rights and claims they may have or allege to have to the approximately 1800 tons of steel previously ordered by, but not delivered or invoiced to, SWCP, which is currently located in a warehouse at the Port of Houston. KOP may dispose of such steel as it may see fit in its sole and absolute discretion.

3. As security to KOP for the payments set forth in 1(A) above, the Bankruptcy Court shall order that Southwest has, and shall be deemed to have, a validly perfected, first priority security interest in, and lien on the following, and Bellon and Engy Group shall agree to a modification of the automatic stay to effect the same: (i) 100% of Bellon's membership interests in Engy Group (83% of the total membership interests outstanding); (ii) 100% of Engy Group's ownership interests in Ventures (100% of the outstanding membership interests); (iii) 100% of Engy Group's ownership interests in Drums (94% of the outstanding membership interests); (iv) 100% of Ventures' interest in Healthcare (which is 50%); (v) 50% of Healthcare's residual interest in Sacred Oak attributable to Ventures' 50% equity interest in Healthcare; and (vi) the residual equity interests held by Engy Group in SWCP (approximately 69%). The equity interests referred to in this paragraph are defined as the "Equity Collateral." In no event shall the liens and security interests referenced in subsection (v) extend to or encumber the 50% interest held by Dr. Lo in Healthcare.

4. As further security to KOP for the $450,000 payment set forth in 1 (B) above, on or before March 1, 2018, Bellon shall collateralize such amount with a confirmed letter of credit in the amount of $450,000 or a valid stock pledge with a market value equal to at least $540,000 (the "KOP Collateralization").

Subject to number 7 below, after execution of this Term Sheet and until the transactions contemplated hereby are fully

consummated, no equity interests in any Engy entity shall be distributed or alienated, except as specifically provided for herein.

5. No later than February 28, 2018, Orban shall be removed as an obligor with respect to any and all amounts owing to Third Coast Bank.

6. In the event of a failure to comply with any provision of this Term Sheet, the automatic stay shall immediately lift, without any further notice or court orders, and KOP shall be entitled to immediate possession, control and ownership of the Equity Collateral and the KOP Collateralization.  Bellon and Engy Group specifically and knowingly waive any and all defenses to the same occurring and specifically and knowingly agree to cooperate in connection with the transfer of the Equity Collateral and the KOP Collateralization to KOP.

7. In the event Engy decides to issue equity securities of any entity for which the assets or equity interests serve as collateral for the obligations owing to KOP hereunder, KOP agrees to the issuance of debt without regard to interest rate and/or an equity issuance of not more than 33%; *provided, however*, that in the event of issuance of equity, the amount of equity serving as KOP's collateral shall not be less than 50.1% of the post-issuance/post-investment equity in SWCP.   KOP shall, however, have the right to review such investment documentation to ensure it contains reasonable and customary provisions.

8. In the event of a default and transfer of collateral pursuant to number 6 above, KOP agrees that Dr. Lo will continue as the day-to-day manager and operator of SWCP for a period of 12 months after the date of such transfer of collateral.  In addition, Orban shall immediately become a non-voting board member at SWCP for such 12-month period, subject to the restriction in paragraph 7 above regarding the issuance of equity securities.

9. Following an event of default and KOP taking possession of the collateral, Dr. Lo shall have the right, for a 12-month period following KOP's exercise of its right to possession, to repurchase KOP's entire ownership interest in SWCP for a purchase price equal to the unpaid balance owing to KOP from Engy plus 6% interest per annum, calculated from the date the event of default occurs through and including the date of

| | |
|---|---|
| | payment. |
| | 10. Orban agrees that, within seven (7) days after execution of this Term Sheet, he shall change the name of "Southwest Container Products LLC" to "SCP, LLC" or a similar name acceptable to Orban. |
| | Upon complete consummation of the transactions contemplated hereby, all collateral discussed in this section of the Term Sheet shall be immediately released and, as appropriate, re-vest. |
| **Disposition of Chapter 11 Cases and Implementation of Agreement:** | The transactions contemplated hereby shall be subject to approval by the Bankruptcy Court under Bankruptcy Rule 9019. The order approving this Term Sheet shall be binding on a subsequent chapter 11 or chapter 7 trustee, and shall inure to the benefit of the parties' respective successors and assigns. |
| | The Chapter 11 Cases shall remain open and pending until the transactions contemplated hereby have been fully consummated. |
| | Further, the order approving this Term Sheet shall provide none of Stash or Engy shall file – and specifically and knowingly agree not to file – for relief or protection under any bankruptcy, insolvency or creditor rights/protections laws, whether state or federal, between the date of this Term Sheet and the date that is twelve (12) months after the transactions contemplated hereby have been fully consummated. The Bankruptcy Court's refusal to approve this provision of the Term Sheet shall not affect the validity or enforceability of the remaining provisions of this Term Sheet. |
| **Mutual Releases:** | Neither Engy Group, Engy nor Bellon, shall receive a discharge or a release of any kind unless and until all payments called for by this Term Sheet are made as and when due and all transactions contemplated hereby have been consummated. Upon full and complete consummation of the transactions contemplated hereby, the Parties, and each of their respective attorneys, advisors, professionals, officers, directors, members and shareholders shall be deemed to have mutually released each other from any and all claims, rights interests and causes |

| | |
|---|---|
| | of action from the beginning of time until the date of consummation of the transactions contemplated hereby. |
| **Dismissal of Adversary Proceeding:** | Upon full consummation of the transactions set forth in this Term Sheet and the Plan, Southwest shall dismiss Adversary Proceeding No. 17-3372 with prejudice. |
| **Non-disparagement and Mutual Cooperation:** | The Parties to this Term Sheet agree that, except as otherwise required by law, they shall not make to any other person or entity, any oral or written statements which are disparaging, derogatory, or otherwise directly or indirectly impugns any of the parties to this Term Sheet, or any of such parties' business or employment practices or personal matters. |

[Signature Pages Follow]

EXECUTION VERSION

**AGREED:**

**GRAY REED & McGRAW LLP**

By: _____
    Jason S. Brookner
    Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:  jbrookner@grayreed.com

-- and--

**ANDREWS KURTH KENYON**

By: _____
    Robin Russell
    Texas Bar No. 17424001
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4086
Facsimile:  (713) 220-4285
Email: rrussell@andrewskurth.com

**COUNSEL TO KURT ORBAN
PARTNERS AND SOUTHWEST
CONTAINER PRODUCTS LLC**


**MATT ORBAN, individually**

By: _____
    Matt Orban


**KURT ORBAN PARTNERS LLC**

By: _____
    Matt Orban

---

**DIAMOND McCARTHY LLP**

By: _____
    Kyung S. Lee
    Texas Bar No. 12128400
Two Houston Center, 909 Fannin, 37th Fl.
Houston, Texas 77010
Telephone:  (713) 333-5125
Facsimile:  (713) 333-5159
Email: klee@diamondmccarthy.com

**COUNSEL TO THE ENGY GROUP LLC**


**HOOVER SLOVACEK, LLP**

By: _____
    Edward L. Rothberg
    Texas Bar No. 17313990
Galleria Tower II
5051 Westheimer Road Suite 12000
Houston, Texas 77056
Telephone:  (713) 977-8686
Facsimile:  (713) 977-5395
Email: rothberg@hooverslovacek.com

**COUNSEL TO FRANCOIS STANISLAS
BELLON**


**SOUTHWEST CONTAINER PRODUCTS,
LLC**

By: _____
Matt Orban


**FRANCOIS STANISLAS BELLON**

By: _____
    Francois Stanislas Bellon

9

**DR. KENNETH LO, individually**

By:_____
    Kenneth Lo

**GREEN BANK, N.A.**

By:_____
    Michael Cross

---

**HUSCH BLACKWELL LLP**

By:_____
    Stephen W. Lemmon
    Texas Bar No. 12194500
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 479-1148
Facsimile: (512) 479-1101
Email: stephen.lemmon@huschblackwell.com

**COUNSEL TO GREEN BANK, N.A.**

**CHRISTIAN SMITH & JEWELL, LLP**

By:_____
    James "Wes" Christian
    Texas Bar No. 04228700
2302 Fannin, Suite 500
Houston, Texas 77002
Telephone: (713) 659-7617
Facsimile: (713) 659-7641
Email: jchristian@csj-law.com

**COUNSEL TO DR. LO**

**[signatures continue on next page]**

EXECUTION VERSION

**Add subsequent sig blocks for these:**

**1. Healthcare by Ventures, it's sole member**
**By Engy Group its sole member**
**By Stash its manager**


**2. Ventures By Engy Group its sole member**
**By Stash its managing member**


**3. SWCP by Drums, it's sole shareholder**
**By Engy its managing member**
**By Stash its managing member**


**4. Drums by Engy its managing member**
**By Stash is managing member**


**5. Mowery Plan LLC by Ventures, its sole member**
**By Engy Group, its sole member**
**By Stash its managing member**

11

**<u>Exhibit B</u>**

**Promissory Note**

# PROMISSORY NOTE

$350,000.00                                                    _____ ___, 2017

      FOR VALUE RECEIVED, **The Engy Group, LLC**, a Texas limited liability company, and **Francois-Stanislas Bellon** (together, the "***Obligors***") promises to pay to **Mowery Plant LLC**, a Texas limited liability company (the "***Holder***"), the sum of up to THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) without interest, payable in accordance with the terms of this promissory note (the "***Promissory Note***").

      **Maturity**.  All principal and any other amounts due under this Promissory Note is due and payable on or before February 28, 2018.

      **Prepayment**.  The Obligor shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty.

      **Conditions**.  The Obligors shall seek authority to enter into this Promissory Note in the chapter 11 bankruptcy cases jointly administered under Case No. 17-34848 (the "***Bankruptcy Cases***") pending in the U.S. Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***").   The Bankruptcy Court must authorize the Debtors to enter into this Promissory Note under section 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "***Bankruptcy Code***") so that the loan is an administrative expense of a kind specified in section 503(b)(1) of the Bankruptcy Code. The Obligors shall use the loan proceeds to pay for professional fees in the Chapter 11 Cases approved by the Bankruptcy Court.

      **Events of Default**.  An "***Event of Default***" shall mean the failure to make timely payment hereunder when due.

      **Remedies**. Upon the occurrence of an Event of Default, Holder shall have the right, at its sole and exclusive option, to declare this Promissory Note immediately due and payable, and all other rights and remedies available in law and in equity.  No delay or omission on the part of the Holder in exercising any remedy shall operate as a waiver of any such right or of any other right of Holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to, or waiver of, the same or any other right on any future occasion.  The rights and remedies of the Holder shall be cumulative and may be pursued singly, successively, or together, in the sole discretion of the Holder.

      **Expenses**. Holder shall be entitled to recover attorney's fees in any action by Holder to enforce this Promissory Note.

      **No Oral Change**:  This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Obligors or Holder, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

**Governing Law**: This Promissory Note shall be governed by and interpreted and enforced in accordance with the laws of the State of Texas (without regard to principles of choice of law).

IN WITNESS WHEREOF, Obligors have duly executed this Promissory Note on the date first written above.

OBLIGORS:

**THE ENGY GROUP, LLC,**
A Texas Limited Liability Company

By: _____
            Francois-Stanislas Bellon
            Manager

**FRANCOIS-STANISLAS BELLON**,
individually

By: _____
            Francois-Stanislas Bellon

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **THE ENGY GROUP, LLC,** | § | **Case No. 17-34848** |
| | § | |
| Debtor. | § | **(Chapter 11)** |
| | § | |
| | § | |

| | | |
|---|---|---|
| | § | |
| **In re:** | § | |
| | § | |
| **FRANCOIS STANISLAS BELLON,** | § | **Case No. 17-34923** |
| | § | |
| Debtor. | § | **(Chapter 11)** |

### ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT
### [RELATED TO ECF NO. _____]

The Court, having considered The Engy Group's and Francois Stanislas Bellon (together, the "Debtors") *Motion for Authority To Obtain Credit* [Dkt. No. ____] (the "Motion"),[1] any responses to the Motion, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing thereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for the granting of the relief requested.  Therefore, it is **ORDERED** that:

1.     The Debtor is authorized to incur debt in the principal sum not to exceed $350,000 on terms substantially similar to the promissory note attached hereto as Exhibit A.

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2.      The Lender is entitled to an administrative expense claim for the amount so loaned pursuant to § 503(b) of the Bankruptcy Code.

3.      The Debtor is authorized to take all actions necessary to effectuate the relief granted by this order.

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

SIGNED this_____day of_____, 2017.

_____
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

**Promissory Note**

[Attach]