UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE ENGY GROUP, LLC, | § | Case No. 17-34848 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | |
| | § | (Jointly Administered) |
| IN RE: | § | |
| | § | |
| FRANCOIS STANISLAS BELLON, | § | Case No. 17-34923 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | |

**WILLIAM VINCENT WALKER'S MOTION TO REOPEN
BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 350**

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge:**

William Vincent Walker ("Mr. Walker") files his *Motion to Reopen Bankruptcy Case Pursuant to 11 U.S.C. §350* (the "Motion") in this jointly administered case of The Engy Group,

1

LLC ("Engy") and Francois Stanislas Bellon ("Bellon," and collectively, the "Debtors").

## SUMMARY

1. Mr. Walker files this Motion to reopen this chapter 11 case to allow Mr. Walker to enforce a Settlement Agreement between Mr. Walker and Bellon, which was effected and approved by Bellon's Chapter 11 Plan. Concurrently with this Motion, Mr. Walker is filing a Motion to Enforce the Chapter 11 Plan and Settlement Agreement.

## BACKGROUND

2. On August 8, 2017 (the "Petition Date"), The Engy Group, LLC and Francois Stanislas Bellon (collectively, the "Debtors") each filed a chapter 11 case. Pursuant to this Court's Order at Docket No. 55, these cases are jointly administered in case no. 17-34848.

3. On July 18, 2018, the Court entered its *Order Granting Debtor Francois Stanislas Bellon's Final Approval of Combined Plan of Reorganization and Disclosure Statement* (the "Confirmation Order") [Docket No. 213], which approved Bellon's *Combined Chapter 11 Plan of Reorganization and Disclosure Statement* (the "Chapter 11 Plan") [Docket No. 175].

4. The Confirmation Order approved, among other things, a settlement between Mr. Walker and Bellon (the "Settlement Agreement"), which is attached to the Confirmation Order as Exhibit 1.

5. Since entry of the Confirmation Order, Bellon has defaulted on the Settlement Agreement. Mr. Walker respectfully requests that the Court reopen the bankruptcy case in order to allow Mr. Walker to prosecute his motion to enforce the Chapter 11 Plan and Settlement Agreement. Concurrently with this Motion, Mr. Walker is filing his Motion to Enforce the Confirmation Order and Chapter 11 Plan in order to enforce the Settlement Agreement and compel Bellon's compliance.

6957854v1

## ARGUMENT AND AUTHORITIES

6. Section 350(b) of the Bankruptcy Code provides that a case may be reopened in the court in which such case was closed "to administer assets, to accord relief to the debtor or for other cause." The Fifth Circuit has stated that the "or other cause" provision of Section 350(b) is "a broad term that gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." *In re* Case, 937 F.2d 1014, 1018 (5th Cir. 1991). The decision about whether to reopen a case should depend upon the individual circumstances of the case. *Id*.

7. This Court has post-confirmation jurisdiction over this Motion because the Settlement Agreement was executed in settlement of Mr. Walker's claim, as part of Bellon's Chapter 11 Plan, and Bellon's obligation to comply with the Settlement Agreement was created by the Chapter 11 Plan. *See Case*, 937 F.2d at 1017. *Case* held that the bankruptcy court maintained post-confirmation jurisdiction where

> a promissory note . . . was confected in the general negotiations seeking to settle all claims against the estate and was necessary to the formulation of a reorganization plan . . . . The note was provided in, and executed as an integral part of, the settlement agreement and reorganization plan which was confirmed by the bankruptcy court.

*Id.*
The Fifth Circuit has subsequently reaffirmed its holding in *Case* stating that "a post-confirmation dispute over a promissory note provided for in the debtor's reorganization plan [is] a core proceeding under 28 U.S.C. § 157." *See Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 391 (5th Cir. 2001) (declining to find that a bankruptcy court had post-confirmation jurisdiction, explaining that "unlike the dispute in *Case*, the post-confirmation dispute at issue in this appeal has nothing to do with any obligation created by the . . . reorganization plan."). While a confirmed plan cannot confer or expand subject matter

jurisdiction, the retention provisions are an important factor preserving a court's post-confirmation jurisdiction. *See Gilbane Building Co. v. Air Systems Inc. (In re Encompass Services Corp.)*, 337 B.R. 864, 874 (Bankr. S.D. Tex. 2006).

8. Pursuant to the Chapter 11 Plan and Confirmation Order, the Court retained jurisdiction to issue orders in aid of execution of the Chapter 11 Plan as authorized under Section 1142 of the Bankruptcy Code, to determine disputes arising in connection with the Chapter 11 Plan, to issue injunctions or take such other actions as may be necessary or appropriate to restrain interference by any entity with the consummation or implementation of the Chapter 11 Plan and to hear and determine all disputes involving the existence, scope and nature of the discharges granted under the Chapter 11 Plan. *See* Chapter 11 Plan, Art.IX.

9. Additionally, as part of the Settlement Agreement, Bellon consented to "the personal jurisdiction of the Bankruptcy Court" and renounced "all other jurisdictions for the adjudication of disputes arising out of or relating to [the Settlement Agreement]." *See* Settlement Agreement, Section K, attached as **Exhibit A**. Mr. Walker and Bellon specifically agreed that the "Bankruptcy Court shall be the sole and exclusive jurisdiction for any and all lawsuits or other legal proceedings arising in connection with or relating to this Agreement, including but not limited to . . . breach [or] enforcement . . ." *Id.*

10. As set forth herein, cause exists under the present circumstances to reopen Bellon's chapter 11 case in order to enforce Bellon's obligations under the Chapter 11 Plan. The Chapter 11 Plan's clear intent was to settle claims against Bellon, including that of Mr. Walker's. Bellon's default deprives Mr. Walker of important rights granted by the Chapter 11 Plan and Confirmation Order and thwarts the Chapter 11 Plan's purpose.

## CONCLUSION

11. Mr. Walker respectfully requests that the Court enter an order reopening this chapter 11 case and grant Mr. Walker such other and further relief as may be just and proper.

**Dated: March 21, 2019**.

> Respectfully submitted,
>
> **PORTER HEDGES LLP**
>
> By: /s/ Joshua W. Wolfshohl
> Joshua W. Wolfshohl
> State Bar No. 24038592
> 1000 Main Street, 36th Floor
> Houston, Texas 77002
> (713) 226-6000
> (713) 228-1331 (fax)
> jwolfshohl@porterhedges.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2019, a true and correct copy of the foregoing was served via ECF on all parties requesting notice thereon.

> /s/ Joshua W. Wolfshohl
> Joshua W. Wolfshohl

6957854v1