## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE ENGY GROUP, LLC, | § | Case No. 17-34848 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | |
| | § | (Jointly Administered) |
| IN RE: | § | |
| | § | |
| | § | |
| FRANCOIS STANISLAS BELLON, | § | Case No. 17-34923 |
| | § | |
| Debtor. | § | (Chapter 11) |
| | § | |

### WILLIAM VINCENT WALKER'S MOTION TO ENFORCE
### CHAPTER 11 PLAN AND SETTLEMENT AGREEMENT

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS**

**To the Honorable Marvin Isgur,**
**United States Bankruptcy Judge:**

William Vincent Walker ("Mr. Walker") files his *Motion to Enforce Chapter 11 Plan and Settlement Agreement* (the "Motion") in this jointly administered case of The Engy Group, LLC

1

("Engy") and Francois Stanislas Bellon ("Bellon," and collectively, the "Debtors").

## SUMMARY

1.     Mr. Walker files this Motion to enforce the payment obligations under the Settlement Agreement that was approved pursuant to the Bellon's Chapter 11 Plan.

## BACKGROUND

2.     On August 8, 2017 (the "Petition Date"), The Engy Group, LLC and Francois Stanislas Bellon (collectively, the "Debtors") each filed a chapter 11 case.  Pursuant to this Court's Order at Docket No. 55, these cases are jointly administered in case no. 17-34848.

3.     On July 18, 2018, the Court entered its *Order Granting Debtor Francois Stanislas Bellon's Final Approval of Combined Plan of Reorganization and Disclosure Statement* (the "Confirmation Order") [Docket No. 213], which approved Bellon's *Combined Chapter 11 Plan of Reorganization and Disclosure Statement* (the "Chapter 11 Plan") [Docket No. 175].

4.     The Confirmation Order approved, among other things, a settlement between Mr. Walker and Bellon, which was attached to the Confirmation Order (the "Settlement Agreement").  The executed Settlement Agreement is attached as **Exhibit 1**.  The economic terms of the Settlement Agreement are as follows:

  a.  Mr. Walker will be allowed a Class 4 General Unsecured Claim in the amount of $900,000.00;

  b.  $200,000.00 of this Claim will be paid on or before August 16, 2018, and the $700,000.00 balance shall be paid within 90 days of the Effective Date;[1]

  c.  If Mr. Walker does not receive the $700,000.00 within 90 days of the Effective Date, then the allowed amount of his claim shall increase by $150,000.00 which then must be paid in full.

Settlement Agreement, ¶ 4.

---

[1] Pursuant to the *Notice of Occurrence of Plan Effective Date of Debtor Francois Stanislas Bellon's Combined Plan of Reorganization and Disclosure Statement*, the Effective Date occurred on August 1, 2018. [Docket No. 217].

6958817v2

5.     Bellon paid Mr. Walker the $200,000.00 that was due by August 16, 2018, but has failed to pay the $700,000.00 due within 90 days of the Effective Date (or by October 30, 2018). Mr. Walker now holds a Claim against Bellon, pursuant to and defined by the Settlement Agreement, the Confirmation Order, and the Chapter 11 Plan, of $1,050,000.00. Pursuant to the terms of the Settlement Agreement, applying credit for Bellon's $200,000.00 payment, Bellon owes Mr. Walker $850,000.00.

### RELIEF REQUESTED

6.     Mr. Walker requests that the Court enter an order enforcing the Chapter 11 Plan and Confirmation Order and requiring Bellon to immediately comply with the Settlement Agreement. The terms of the Settlement Agreement are unambiguous; Bellon should immediately pay Mr. Walker the $850,000.00 that remains due on Mr. Walker's allowed claim.

7.     Bankruptcy courts "ha[ve] broad authority under §§ 105 and 1142(b) of the Bankruptcy Code to order parties to comply with reorganization plans." *In re Goldblatt Bros., Inc.*, 132 B.R. 736, 741 (Bankr. N.D. Ill. 1991); *see also In re Jorgensen*, 66 B.R. 104, 108 (B.A.P. 9th Cir. 1986) ("The court under §§ 105 and 1142(b) can make necessary orders to carry out the provisions of the plan."); *Matter of Coral Air, Inc.*, 40 B.R. 979, 982 (D.C. V.I. 1984) ("[§ 1142] grants the Court power to direct the debtor and any other necessary party to perform any act necessary for the consummation of the plan."). Indeed, "Subsection (b) implicitly contemplates a creditor, shareholder, or other party affected by the plan moving for an order which triggers the court's authority to direct a recalcitrant debtor or other party to perform acts necessary to consummate the plan." *In re Harlow Prop. Inc.*, 56 B.R. 794, 798 (B.A.P. 9th Cir. 1985).

8.     Moreover, Section K of the Settlement Agreement provides:

3

The parties stipulate and agree that **Bankruptcy Court shall be the sole and exclusive jurisdiction for any and all lawsuits or other legal proceedings arising in connection with or relating to this Agreement, including but not limited to the validity, breach, enforcement or termination thereof. The parties hereby consent to the personal jurisdiction of the Bankruptcy Court exclusively for purposes of this Agreement and renounce all other jurisdictions for the adjudication of disputes arising out of or relating to this Agreement**.

(emphasis added).

9.      As set forth above, Bellon is in violation of the Chapter 11 Plan and the Confirmation Order, which together approved and effected the Settlement Agreement. The total amount immediately due to Mr. Walker is $850,000.00. Mr. Walker requests that the Court enter an order compelling Bellon to cure his default by remitting $850,000.00 within 14 days after the entry of an order granting the Motion.

## PRAYER

10.     Mr. Walker respectfully requests that the Court enter an order 1) compelling Bellon to pay, within 14 days of entry of the order, Mr. Walker $850,000.000; 2) awarding Mr. Walker his reasonable fees and costs as well as interest, as allowed under applicable law; and 3) granting Mr. Walker such other and further relief as may be just and proper.

**Dated: March 21, 2019**.

Respectfully submitted,

**PORTER HEDGES LLP**

By:     /s/ Joshua W. Wolfshohl
        Joshua W. Wolfshohl
        State Bar No. 24038592
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        (713) 226-6000
        (713) 228-1331 (fax)
        jwolfshohl@porterhedges.com

6958817v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 21, 2019, a true and correct copy of the foregoing was served via United States mail, postage prepaid, and/or via electronic service on all parties listed below.

Melissa Anne Haselden
Hoover Slovacek LLP
Galleria II Tower
5051 Westheimer, Suite 1200
Houston, TX 77056
Email: Haselden@hooverslovacek.com

Edward L Rothberg
Hoover Slovacek, LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, TX 77056
Email: rothberg@hooverslovacek.com

Francois Stanislas Bellon
1540 Sul Ross
Houston, TX 77006

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl

5